IN THE

## SUPERIOR COURT OF JUDICATURE

FOR THE

### COUNTY OF STRAFFORD, DECEMBER TERM,

A. D. 1834.

---

## J. BREWSTER *vs.* H. HYDE.

A surveyor of highways, chosen at a town meeting holden in pursuance of a warrant issued by a justice of the peace, who under the circumstances had no authority to issue a warrant for the purpose, *was held* not to have a legal title to the office of surveyor, nor any legal authority to make a distress for taxes.

Where notice of holding a town meeting was given by posting up the warrant itself, instead of a copy, the meeting was held to be legal.

TRESPASS *de bonis aspertatis.* The defendant attempted to justify the taking of the goods, as surveyor of highways in Ossipee, for a tax assessed upon the plaintiff in that town in the year 1830.

The cause was submitted to the determination of the court upon the following facts:

At the annual meeting of the town of Ossipee, in March, 1829, E. W., J. S., and W. S. were chosen selectmen, took the oath of office, and acted as selectmen that year. Notice of the holding of said meeting was given by the selectmen, by posting up the warrant instead of a copy.

At the annual meeting of the town, holden March 9, 1830, the same persons were again chosen selectmen, and sworn. Notice, however, of the last mentioned meeting, was given in the same manner as in 1829.

Soon after this last meeting, application was made to two of the said selectmen, but not in writing, to call another meeting, which they declined to do.

On the 16th of March, 1830, more than ten freeholders <span style="float:right">Brewster<br>*vs.*<br>Hyde.</span> of the town made application in writing to a justice of the peace, to call a meeting of the town. The application stated that there were no town officers authorized to call a meeting.

The justice issued a warrant on the same day, for holding a meeting on the 31st day of the same month; and due notice of the time and place of the meeting was given.

A meeting was holden on the said 31st day of March; and in pursuance of articles inserted in the warrant for the purpose, J. S., W. S. and D. W. were chosen and sworn as selectmen; a highway tax was voted to be raised, and the defendant was chosen surveyor of highways, and sworn.

The highway tax thus voted to be raised was assessed by the selectmen thus chosen, and a warrant issued to the defendant to collect it.

The plaintiff was taxed in the list committed to the defendant to collect, $30; and, having refused to pay, the defendant, on the 7th of December, 1830, took the goods mentioned in the declaration, as a distress for the tax.

*Dearborn*, for the plaintiff.

*Sawyer* and *Hobbs*, for the defendant.

RICHARDSON, C. J., delivered the opinion of the court. It is contended in this case that the defendant was not legally chosen surveyor of highways. The objection to his title to the office is, that the justice who issued the warrant for the meeting at which he was chosen surveyor, had, under the circumstances, no authority to issue a warrant for the purpose. If this be so, the defendant fails in an essential point of his defence.

In many cases, it is enough if it appear that an officer is such, *de facto*, and that he acted under color of an election, or appointment. But when any one, having seized the

VOL. VII. 27

goods of another, attempts to justify the seizure, as a public officer, he must show a title to the office strictly legal.

The question then, is, whether the justice was, under the circumstances, authorized to call the meeting of the 31st of March, 1830?

A justice is authorized to issue a warrant for a town meeting,

I. On the application of ten freeholders, whenever it has happened that the annual meeting of any town has not been legally holden.

II. On the application of ten freeholders, when a town has never had a legal meeting.

III. On the application of one sixth part of the legal voters, where the selectmen have unreasonably neglected to call a meeting, or to insert particular articles in the warrant.

But in this case, the first meeting in March, 1830, was, for aught that appears, a legal meeting. The circumstance that the original warrant was posted up, instead of a copy, is no legal objection to the meeting. It was, at least, as good a notice as could have been given by posting up a copy. 5 *N. H. R.* 542, *Eaton* vs. *Miner.*

It does not appear that ten or more freeholders ever signified their desire in writing to the selectmen to have a meeting, or to have any particular article inserted in the warrant. Nor does it appear that one sixth part of the legal voters made application to the justice.

No occasion appears, then, to have occurred in the town which gave the justice authority to issue a warrant for a town meeting, and the meeting cannot be considered as legally holden. The defendant has therefore failed to show a legal title to the office of surveyor of highways, which is essential to enable him to justify the seizure of the plaintiff's goods, and there must be

*Judgment for the plaintiff.*